UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: §
 §
HUISMAN, DERLIN J. § Case No. 16-21077
 §
 §
Debtors(s) §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 06/29/2016. The undersigned trustee was appointed on 06/29/2016.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. §522, or have been or will be abandoned pursuant to 11 U.S.C. §554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 4,000.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative Expenses | | 0.00 |
| Bank Service Fees | | 15.00 |
| Other Payments to Creditors | | 0.00 |
| Non-Estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the Debtor | | 0.00 |
| Other Payments to Debtor | | 0.00 |
| Leaving a balance on hand of [1] | $ | 3,985.00 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) Page 1

The remaining funds are available for distribution.

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 12/05/2016 and the deadline for filing governmental claims was 12/27/2016. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C.**

     7. The Trustee's proposed distribution is attached as **Exhibit D.**

     8. Pursuant to 11 U.S.C. §326(a), the maximum compensation allowable to the trustee is $1,000.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests a sum of $1,000.00, for a total compensation of $1,000.00. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $0.00 for total expenses of $0.00

Pursuant to Fed. R. Bank. P. 5009, I hereby certify, under penalty of perjury, that the foregoing report is true  and correct.

Date :  04/14/2017              By :  /s/ Elizabeth Berg
                                                                                   Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4 (a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) Page 2

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No: | 16-21077 | Judge: | Janet S. Baer | Trustee Name: | Elizabeth C Berg |
|---|---|---|---|---|---|
| Case Name: | HUISMAN, DERLIN J. | | | Date Filed (f) or Converted (c): | 06/29/2016 (f) |
| | | | | 341(a) Meeting Date: | 07/25/2016 |
| For Period Ending: | 04/14/2017 | | | Claims Bar Date: | 12/05/2016 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 1. | Residence-2037 Mission Hills Dr., Elgin | 92,000.00 | 0.00 | | 0.00 | FA |
| 2. | 1247 Highland, Berwyn, IL | 60,000.00 | 50,000.00 | | 4,000.00 | FA |
| 3. | 2014 Hyundai Accent 50,000 miles | 9,500.00 | 0.00 | | 0.00 | FA |
| 4. | Misc. household goods | 500.00 | 0.00 | | 0.00 | FA |
| 5. | Misc. wearing apparel | 200.00 | 0.00 | | 0.00 | FA |
| 6. | Cash on hand | 50.00 | 0.00 | | 0.00 | FA |
| 7. | Savings account-US Bank | 0.00 | 0.00 | | 0.00 | FA |
| 8. | Checking account-Chase Bank | 175.00 | 0.00 | | 0.00 | FA |
| 9. | Checking account-Chase Bank | 1,150.00 | 0.00 | | 0.00 | FA |
| 10. | Checking account - US Bank | 400.00 | 0.00 | | 0.00 | FA |
| 11. | Checking account-US Bank | 1,250.00 | 0.00 | | 0.00 | FA |
| 12. | 401k - Home Depot | 50,000.00 | 0.00 | | 0.00 | FA |
| 13. | 2015 federal and state tax refund | 650.00 | 0.00 | | 0.00 | FA |
| 14. | Term Life Insurance | 0.00 | 0.00 | | 0.00 | FA |

UST Form 101-7-TFR (5/1/2011) (Page 1)                                                                                                          **Exhibit A**

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

| | |
|---|---|
| Case No: 16-21077 | Trustee Name: Elizabeth C Berg |
| Case Name: HUISMAN, DERLIN J. | Date Filed (f) or Converted (c): 06/29/2016 (f) |
| Judge: Janet S. Baer | 341(a) Meeting Date: 07/25/2016 |
| For Period Ending: 04/14/2017 | Claims Bar Date: 12/05/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| | | | | | **Gross Value of Remaining Assets** |
| **TOTALS (Excluding Unknown Values)** | 215,875.00 | 50,000.00 | | 4,000.00 | 0.00 |

Re Prop. #1   one-half interest with non-filing spouse
Re Prop. #2   Trustee is investigating --
one half interest in home of disabled brother, held in title by the James Huisman Irrevocable Supplemental Needs Trust dated March 19, 2004 and the debtor, as tenants in common.
Although there may be equity in said real estate, debtor believes due to the fact debtor's severely disabled brother occupies said property as his home and is title holder through his supplemental needs trust, said
property is subject to the provisions of 11 USC Section 363 (e) and (h)(3).

Re Prop. #7   One half interest in Savings account with Nell
at US Bank

Re Prop. #8   one-half interest with non-filing spouse
Re Prop. #9   one-half interest with non-filing spouse
Re Prop. #10  one-half interest with brother for SSI
Re Prop. #11  1/2 interest in checking account with brother
at US Bank for taxes on house
Re Prop. #13  received and used for necessary living expenses
Re Prop. #14  Term life insurance through American Family Insurance and Reliance Standard Life; beneficiaries are spouse and children

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

April 4, 2017: Trustee settled with the Debtor for the estate's 1/2 interest in the real estate located at 1247 Highland Avenue, Berwyn, Illinois for $4,000.00. After approval of the sale by the Court, Debtor paid $4,000.00 to the Trustee.
Trustee has reviewed claims, prepared her Final Distribution Report and Fee Applications and will submit to the UST for approval.

October 26, 2016: Debtor owns a 1/2 interest in a single family residence which is occupied by Debtor's disabled brother.  A supplemental needs trust of which Debtor is trustee and his brother is beneficiary owns the other half.  Since the
first meeting of creditors in July, 2016, Trustee has conducted research regarding the value of the home and her ability to sell both the Estate's interest and that of the co-owner trust.  TR has consulted with Debtor's counsel and they have
agreed to discuss possible sale alternatives once the claims bar date in December 2016 has passed.

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

| Case No: 16-21077 | Judge: Janet S. Baer | Trustee Name: Elizabeth C Berg |
|---|---|---|
| Case Name: HUISMAN, DERLIN J. | | Date Filed (f) or Converted (c): 06/29/2016 (f) |
| | | 341(a) Meeting Date: 07/25/2016 |
| For Period Ending: 04/14/2017 | | Claims Bar Date: 12/05/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

Initial Projected Date of Final Report(TFR) : 10/01/2017      Current Projected Date of Final Report(TFR) : 10/01/2017

**Trustee's Signature**     /s/Elizabeth C Berg     **Date:** 04/14/2017
Elizabeth C Berg
20 N. Clark St., Suite 200
Chicago, IL 60602
Phone : (312) 726-8150

Case 16-21077  Doc 32  Filed 05/12/17  Entered 05/12/17 15:43:27  Desc Main
Document  Page 6 of 11

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No: 16-21077 | Trustee Name: Elizabeth C Berg |
| Case Name: HUISMAN, DERLIN J. | Bank Name: Texas Capital Bank |
| | Account Number/CD#: ******5245 Checking Account |
| Taxpayer ID No: **-***9508 | Blanket bond (per case limit): 5,000,000.00 |
| For Period Ending: 4/14/2017 | Separate bond (if applicable): 0.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 02/22/2017 | [2] | Derlin & Denise Huisman<br>2037 Mission Hills Drive<br>Elgin, IL 60123 | Debtor's Purchase of 1/2 interest in 1247 Highland Avenue, Berwyn, Illinois | 1110-000 | 4,000.00 | | 4,000.00 |
| 04/03/2017 | | Texas Capital Bank<br>Treasury Management Operations<br>2350 Lakeside Blvd<br>Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 15.00 | 3,985.00 |

| | | | |
|---|---|---|---|
| | Page Subtotals | 4,000.00 | 15.00 |
| | **COLUMN TOTALS** | 4,000.00 | 15.00 |
| | Less:Bank Transfer/CD's | 0.00 | 0.00 |
| | **SUBTOTALS** | 4,000.00 | 15.00 |
| | Less: Payments to Debtors | | 0.00 |
| | **Net** | 4,000.00 | 15.00 |

| | | **TOTAL-ALL ACCOUNTS** | **NET DEPOSITS** | **NET DISBURSEMENTS** | **ACCOUNT BALANCE** |
|---|---|---|---|---|---|
| All Accounts Gross Receipts: | 4,000.00 | | | | |
| All Accounts Gross Disbursements: | 15.00 | ******5245 Checking Account | 4,000.00 | 15.00 | |
| All Accounts Net: | 3,985.00 | | | | |
| | | **NetTotals** | 4,000.00 | 15.00 | 3,985.00 |

UST Form 101-7-TFR (5/1/2011) (Page 1)  Exhibit B

| Case: 16-21077 | | | | | | Elizabeth C Berg Trustee |
| HUISMAN, DERLIN J. | | | CLAIMS REGISTER | | | Dated: Apr 14, 2017 |
| | | | | | | EXHIBIT C |

| Claim No. | Creditor | UTC / Class | Status | Proof of Claim | Allowed Amount | Previously Paid | Prop. Payment Prop. Interest | Remaining Balance |
|---|---|---|---|---|---|---|---|---|
| | Elizabeth C. Berg, Trustee  20 N. Clark Street  Suite 200  Chicago, IL 60602 | 2100-000 ADMIN | Valid To Pay | 1,000.00 | 1,000.00 | 0.00 | 1,000.00 | 0.00 |
| | Baldi Berg, Ltd.  20 N. Clark St., Suite 200  Chicago, IL 60602 | 3110-000 ADMIN | Valid To Pay | 1,000.00 | 1,500.00 | 0.00 | 1,500.00 | 0.00 |
| **ADMINISTRATIVE TOTAL** | | | | **2,000.00** | **2,500.00** | **0.00** | **2,500.00** | **0.00** |

Case: 16-21077
HUISMAN, DERLIN J.

CLAIMS REGISTER

Elizabeth C Berg Trustee
Dated: Apr 14, 2017

EXHIBIT C

| Claim No. | Creditor | UTC / Class | Status | Proof of Claim | Allowed Amount | Previously Paid | Prop. Payment Prop. Interest | Remaining Balance |
|---|---|---|---|---|---|---|---|---|
| 00001 | Bureaus Investment Group Portfolio No 15 LLC c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Ste 1120<br>Miami, FL 33131 | 7100-000 UNSEC | Valid To Pay | 6,823.78 | 6,823.78 | 0.00 | 469.18 | 6,354.60 |
| 00002 | Discover Bank Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054 | 7100-000 UNSEC | Valid To Pay | 7,436.66 | 7,436.66 | 0.00 | 511.32 | 6,925.34 |
| 00003 | Quantum3 Group LLC as agent for Crown Asset Management LLC<br>PO Box 788<br>Kirkland, WA 98083 | 7100-000 UNSEC | Valid To Pay | 406.78 | 406.78 | 0.00 | 27.97 | 378.81 |
| 00004 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090 | 7100-000 UNSEC | Valid To Pay | 452.16 | 452.16 | 0.00 | 31.09 | 421.07 |
| 00005 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090 | 7100-000 UNSEC | Valid To Pay | 2,517.68 | 2,517.68 | 0.00 | 173.11 | 2,344.57 |
| 00006 | Portfolio Recovery Associates, LLC Successor to SYNCHRONY BANK (CARE CREDIT)<br>PO Box 41067<br>Norfolk, VA 23541 | 7100-000 UNSEC | Valid To Pay | 3,960.92 | 3,960.92 | 0.00 | 272.33 | 3,688.59 |
| **UNSECURED TOTAL** | | | | **21,597.98** | **21,597.98** | **0.00** | **1,485.00** | **20,112.98** |

| | | | | | |
|---|---|---|---|---|---|
| **REPORT TOTALS** | | **23,597.98** | **24,097.98** | **0.00** | **3,985.00** | **20,112.98** |

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.:  16-21077
Case Name:  HUISMAN, DERLIN J.

Trustee Name:  Elizabeth C Berg

Balance on Hand $3,985.00

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees:     Elizabeth C. Berg, Trustee | $ 1,000.00 | $ 0.00 | $ 1,000.00 |
| Attorney for Trustee, Fees:  Baldi Berg, Ltd. | $ 1,500.00 | $ 0.00 | $ 1,500.00 |

Total to be paid for chapter 7 administrative expenses $ 2,500.00
Remaining Balance $ 1,485.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed Priority Claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $21,597.98 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 6.9 %, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 00001 | Bureaus Investment Group Portfolio | $ 6,823.78 | $ 0.00 | $ 469.18 |
| 00002 | Discover Bank Discover Products Inc | $ 7,436.66 | $ 0.00 | $ 511.32 |
| 00003 | Quantum3 Group LLC as agent for | $ 406.78 | $ 0.00 | $ 27.97 |

UST Form 101-7-TFR (5/1/2011) Page 6

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 00004 | Midland Funding LLC | $ 452.16 | $ 0.00 | $ 31.09 |
| 00005 | Midland Funding LLC | $ 2,517.68 | $ 0.00 | $ 173.11 |
| 00006 | Portfolio Recovery Associates, LLC | $ 3,960.92 | $ 0.00 | $ 272.33 |
| Total to be paid to timely general unsecured creditors | | | | $ 1,485.00 |
| Remaining Balance | | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 %, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 %, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE